CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
September 30, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Megan Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DE'ANTHONY JEREMIAH LARK, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:26-cv-00081 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DIRECTOR, VIRGINIA | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Respondent. | ) | |

Petitioner De'Anthony Jeremiah Lark, a Virginia inmate proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 against Respondent Director, Virginia Department of Corrections. (*See* ECF No. 1.) This matter is before the court for screening under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (the "2254 Rules"). For the following reasons, Lark's petition will be dismissed with leave to amend.

## I. BACKGROUND

In his petition, Lark provides the following "Statement of Facts":

> Petitioner was found guilty of a prison disciplinary charge and sanctioned with the loss of earned good-time credits. The disciplinary conviction was based on protected grievance-related speech and was unsupported by evidence of riotous or disruptive conduct. The sanction increased the duration of Petitioner's confinement.

(ECF No. 1 at 1.) As his sole "Ground[] for Relief," Lark states as follows:

> The disciplinary hearing violated Wolff v. McDonnell and Superintendent v. Hill because there was no reliable evidence supporting the conviction and Petitioner was deprived of earned sentence credits without constitutionally sufficient process.

(*Id.*) In terms of relief, Lark requests that the court order vacatur of his disciplinary conviction, restoration of his "forfeited sentence credits," and "any further relief deemed just." (*Id.* at 1–2.)

The Virginia Department of Corrections' website indicates that Lark remains in state custody. *See* vadoc.virginia.gov/general-public/inmate-and-supervisee-locator (indicating that Deanthony Lark # 1393054 is located at the Lawrenceville Correctional Center with a release date of July 30, 2027) (last visited Sept. 28, 2026).

## II. ANALYSIS

Rule 4 of the 2254 Rules provides that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, Lark's submissions are insufficient to show his entitlement to habeas relief.

As noted, Lark claims that he was found guilty of a prison disciplinary charge which caused him to lose "good-time credits." (ECF No. 1.) Lark further claims that his conviction was "based on protected grievance-related speech and was unsupported by evidence of riotous or disruptive conduct" and that he was "deprived of earned sentence credits without constitutionally sufficient process." (*Id.*) But apart from these conclusory and nonspecific allegations, Lark provides no factual support for his claims. *See United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013)("[V]ague and conclusory allegations . . . may be disposed of without further investigation by the District Court") (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)); *see also James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief") (citing *Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970)).

For these reasons, the court will dismiss Lark's petition. But because Lark is proceeding *pro se*, the court will grant him **one final opportunity** to file an amended petition specifying his claims. *See Wiig v. Ives*, No. CIV S-10-1966 EFB P, 2011 WL 285075, at *5 (E.D. Cal. Jan. 25, 2011) (denying habeas claim but granting leave to amend where the *pro se* "petitioner [] provided insufficient facts"). Lark will have **thirty (30) days** to file an amended petition identifying his claims and briefly stating the facts giving rise to each claim. Lark is advised that any amended petition will be the sole document the court will consider in assessing whether he is entitled to habeas relief. If Lark does not timely submit an amended petition, the court will dismiss this action without prejudice.

## III. CONCLUSION

For the reasons stated above, Lark's § 2254 petition will be dismissed with leave to amend.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Lark.

**ENTERED** this 30th day of September, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE